WILLIAM D. HUBER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9975.   Promulgated May 17, 1928.

*B. G. Simpich, Esq.,* and *Charles S. Moore, Esq.,* for the petitioner.

*Philip M. Clark, Esq.,* and *Henry Ravenel, Esq.,* for the respondent.

OPINION.

TRUSSELL: The petition alleged that the respondent erred in disallowing a deduction for a loss sustained upon the sale of a residence in 1919, but petitioner waived that issue at the hearing. Respondent determined an overassessment for the year 1920.

The only issue presented is whether the respondent properly included in petitioner's gross income for 1919 and 1920 the amounts credited to petitioner's salary account upon the books of a corporation when in fact petitioner, who was on a cash basis, received amounts less than such credits. The evidence shows that the Huber Fireproof Garage Co. had sufficient assets to pay the particular amounts due petitioner as undrawn salaries, but it further shows that the corporation had other obligations and would have become financially embarrassed had petitioner withdrawn the balance of his salary credits. The Revenue Acts do not require any business to impair

its financial standing in order to make available undrawn salaries and we have found as a fact that the amounts of the undrawn salary credits were not available to petitioner. Respondent erred in his determination with respect to the issue here involved. See *Nicholas J. Maisel, Jr.*, 2 B. T. A. 66; *Walter L. Hopkins*, 2 B. T. A. 549; and *Edmund J. Karr*, 2 B. T. A. 635.

The amount of income received by petitioner as salary from the Huber Fireproof Garage Co. amounted to $7,982.50 for 1919 and $13,040 for 1921.

*Judgment will be entered pursuant to Rule 50.*